UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,   Case No. 19-cr-130(3) (PAM/SER)

      Plaintiff,

v.   **ORDER**

Jose Alfredo Penaloza-Romero (3),

      Defendant.

---

Drew Winter, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Douglas Olson, Assistant Federal Defender, Federal Defender's Office, 300 South Fourth Street, Suite 107, Minneapolis MN 55415 (for Defendant).

---

      This matter is before the Court on the parties' non-dispositive pretrial motions. The Court held a hearing on August 5, 2019, (ECF No. 85), but that hearing was continued to a later date as relates to Defendant's dispositive pretrial motions, (ECF Nos. 85, 92, 93). The Court directed the parties to submit additional letter briefs concerning Defendant's Motion to Disclose and Make Informant Available for Interview. (ECF Nos. 41, 85). Those letter briefs have now been submitted. (ECF Nos. 90, 91). Accordingly, based upon the record, motions, and arguments of counsel at the hearing and in their respective filings, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, (ECF No. 34), is **GRANTED** as follows: The Government seeks discovery pursuant to pursuant to Fed. R. Crim. P. 12.1, 12.2, 12.3, 16, and 26.2. Defendant has offered no objection to the motion. Therefore, the Government's motion is granted; Defendant shall comply with his obligations under the Federal Rules of Criminal Procedure. With respect to timing of expert disclosures, the specific ruling below on Defendant's Motion for Discovery of Expert under Rule 16(a)(1)(G), (ECF No. 44), controls.

2. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence, (ECF No. 37), is **GRANTED** as follows: Defendant requests disclosure, at least

three weeks before trial, of "bad act" or "similar course of conduct" evidence the Government intends to offer at trial. The Government does not object, but requests that the deadline be seven days prior to trial. Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Court finds that 14 days constitutes reasonable notice in this case. Therefore, no later than 14 days prior to trial, the Government shall provide notice of all evidence that it intends to offer at trial within the purview of Fed. R. Evid. 404(b).

3. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 38), is **GRANTED** as follows: Defendant seeks evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The Government indicates it is aware of its obligations under these authorities and has represented to the Court that it has already turned over all such materials. Therefore, the Government shall fully and immediately comply with its obligations under *Brady* and its progeny.[1]

4. Defendant's Motion for Discovery and Inspection, (ECF No. 39), is **GRANTED** as follows: Defendant seeks discovery pursuant to the Federal Rules of Criminal Procedure. The Government does not object. Therefore, the Government shall comply with its obligations under the Federal Rules.

5. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance, (ECF No. 40), is **GRANTED** as follows: Defendant seeks discovery obtained from electronic surveillance. The Government indicates it has already provided this information. Therefore, the Government shall produce evidence obtained from electronic surveillance.

6. Defendant's Motion to Disclose and Make Informant Available for Interview, (ECF No. 41), is **GRANTED IN PART and DENIED IN PART** as follows: Defendant's motion seeks the disclosure of any informant utilized by the Government in the investigation of this matter and to make such informant available for interview. The Government asserts that informants may testify at trial, so their identity—as well as their statements and criminal histories—will be disclosed along with Jencks Act

---

[1] As discussed at the hearing, should the Government withhold any *Brady* material pursuant to the Jencks Act, it must bring said material to the Court's attention.

materials. Based on the parties' dispute, the Court requested additional letter briefs. (ECF Nos. 90, 91).

The Government explained the circumstances of its informant. The informant was involved in a March 2019 controlled purchase of one pound of methamphetamine from Defendant. That information was used to secure a March 23, 2019 GPS tracker warrant on Defendant's Dodge Dart. Defendant drove the Dodge Dart, with a tracking device installed, to a La Quinta Inn in Bloomington, Minnesota with co-defendant, Irwin Becerra. At the hotel, Becerra purchased 40 pounds of methamphetamine from co-defendant Humberto Torres-Rodriguez, who was cooperating with law enforcement. Becerra was arrested following the purchase. Defendant was arrested while he waited in the car outside after dropping of Becerra. The Government asserts the GPS tracker warrant investigation stemming from the one pound of methamphetamine was separate from the investigation involving the 40 pounds of methamphetamine. Indeed, the Government asserts that law enforcement learned of the GPS tracker only the day of Defendant's arrest, sometime before he arrived at the hotel.

The Government asserts that Defendant is charged "solely upon the observations and seizures of the police on or about April 5th" so the March controlled buy information is irrelevant to Defendant's prosecution. In response, Defendant merely asks for Defendant's recorded statements to the informant.

Rule 16(a)(1)(B) requires the Government to disclose "any relevant written or recorded statement by the defendant" if it is within the Government's possession, custody, or control. While the Government has indicated it does not intend to call the informant as a witness because that informant's relationship to Defendant involves crimes separate from those charged in this proceeding, the Government has no basis for withholding Defendant's statements to that informant. Defendant's statements are relevant because they involved a controlled drug purchase that led to a GPS tracking warrant. The GPS tracking warrant information was later referenced, alongside information obtained at the La Quinta Inn controlled methamphetamine purchase, to secure a search warrant for Defendant's apartment. (Gov't Ex. 2). That later-obtained search warrant led to seizure of 10 pounds of methamphetamine and $30,000 in US currency. It is of no moment that the original investigation was not related to the later one; the two investigations became intertwined and, thus entangled, Defendant's statements are relevant and must be disclosed under Rule 16(a)(1)(B). The

3

Government may not withhold Defendant's statement from Defendant on the grounds that it was made to an informant. *United States v. Flores-Mireles*, 112 F.3d 337, 340 (8th Cir. 1997) (applying Rule 16(a)(1)(B) to statements made to informants).

The Court notes, however, that because the Government indicated it will not call this informant as a witness, it need not disclose the informant's identity. *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001) (no obligation to disclose informant's identity where informant did not participate in offense charged and Government stated it did not intend to call the witness at trial). Accordingly, the Government may redact the informant's identifying information from the statement it has been ordered to provide.

7. Defendant's Motion for Early Disclosure of Jencks Act Material, (ECF No. 42), is **DENIED** except as follows: Defendant seeks Jencks Act materials at least two weeks prior to trial. The Government objects to Court-ordered disclosure of Jencks Act materials, but agrees to provide Jencks materials three days prior to trial. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n.2. Therefore, no later than three days before trial, the Court expects the Government to provide Jencks Act materials as agreed so as to prevent delays in trial.

8. Defendant's Motion for Government Agents to Retain Rough Notes, (ECF No. 43), is **GRANTED** as follows: Defendant seeks an order directing any law enforcement agent, including any confidential reliable informant, involved in this case to "retain and preserve" all rough notes pertaining to this matter. The Government does not object. Accordingly, any law enforcement agent, including informants, shall retain and preserve rough notes related to this matter.

9. Defendant's Motion for Discovery of Expert under Rule 16(a)(1)(G), (ECF No. 44), is **GRANTED** as follows: Defendant seeks disclosure of expert testimony three weeks prior to trial. The Government indicates it expects to call various experts in this case at trial and agrees to provide reasonable notice of its experts. In its discovery motion, the Government requests a 30-day disclosure deadline. (ECF No. 34). The Court concludes 21 days is

reasonable. Therefore, no later than 21 days prior to trial, the parties shall provide expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion."). Any rebuttal expert must be disclosed no later than 7 days prior to trial.

Date: August 28, 2019                               *s/ Steven E. Rau*
                                                    Steven E. Rau
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *United States v. Penaloza-Romero (3)*
                                                    Case No. 19-cr-130(3) (PAM/SER)